O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8605 AHM (CWx) | Date | January 7, 2009 |
|---|---|---|---|
| Title | OSCAR VILLALOBOS v. BRAND ENERGY, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

     The Notice of Removal in this case fails to establish either the citizenship of the defendants or the amount in controversy.  The Court therefore ORDERS Defendants BP West Coast Products LLC and Brand Energy Services of California, Inc. TO SHOW CAUSE in writing by not later than January 19, 2009 why this action should not be remanded for lack of diversity jurisdiction.  Defendants' response shall be accompanied by a sworn declaration that addresses the tests and factors described below.

     A federal court must determine its own jurisdiction even if there is no objection to it.  *Rains v. Criterion Sys., Inc.,* 80 F.3d 339 (9th Cir. 1996).  Under 28 U.S.C. § 1441, any action brought in state court over which federal courts would have original jurisdiction may be removed by the defendant or defendants to the appropriate district court.  28 U.S.C. § 1441(a).  District courts have original jurisdiction either where an action arises under federal law or where the amount in controversy is greater than $75,000 (exclusive of interest and costs) and where there is complete diversity of citizenship between the parties.  28 U.S.C. §§ 1331, 1332(a).  The removal statute is strictly construed against removal and the burden of establishing jurisdiction in the federal forum rests on the party invoking the statute – here, Defendant.  *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).  Jurisdiction is assessed as of the time of removal.  *Ghaderi v. United Airlines*, 136 F.Supp.2d 1041 (N.D.Cal. 2001).

**I.     CITIZENSHIP**

     For purposes of diversity jurisdiction, a corporation is a citizen of both its state of incorporation and the state where it has its principal place of business.  28 U.S.C. §

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8605 AHM (CWx) | Date | January 7, 2009 |
|---|---|---|---|
| Title | OSCAR VILLALOBOS v. BRAND ENERGY, et al. | | |

1332(c)(1). In order to determine which state is in fact the "principal place of business," the Ninth Circuit uses two tests: (1) the "place of operations" test and (2) the "nerve center" test. *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 500 (9th Cir. 2001).

The Notice of Removal completely failed to allege the principal place of business of Defendant BP West Coast Products. Nor did the Notice of Removal address whether this Court's jurisdiction is in any way affected by the citizenship of BP Products North America, Inc., which wholly owns BP West Coast Products. Finally, neither the Notice of Removal nor the declaration of Craig A. Roeb stated a basis for the conclusion that Brand Energy Services of California has its principal place of business in Georgia. This omission is particularly notable given that the entity has the word "California" in its name.

  A. The Place of Operations Test

Under the "place of operations" test, "a corporation's principal place of business [is] in the state which 'contains a substantial predominance of corporate operations.'" *Id.* (quotation omitted).

"'[S]ubstantial predominance' does not require the majority of a corporation's total business activity to be located in one state, but instead, requires only that the amount of [the] corporation's business activity in one state be *significantly larger* than any other state in which the corporation conducts business." *Tosco*, 236 F.3d at 500 (emphasis added). In the Ninth Circuit, the factors relevant to a determination of whether a particular state contains a "substantial predominance" of a corporation's activity are the location of (1) employees, (2) tangible property, and (3) production activities. Additional relevant factors are the location where (4) income is earned, (5) purchases are made, and (6) sales take place. *Id*.

Defendants shall set forth detailed evidence addressing all six of the above factors.

  B. The Nerve Center Test

"The "nerve center" test is used *only* when it is established that no state contains a

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8605 AHM (CWx) | Date | January 7, 2009 |
|---|---|---|---|
| Title | OSCAR VILLALOBOS v. BRAND ENERGY, et al. | | |

"substantial predominance" of the corporation's business activities. *Tosco Corp.*, 236 F.3d at 500 (emphasis omitted). Under the "nerve center" test, the principal place of business is the state in which the "executive and administrative functions [of the corporation] are performed." *Indus. Tectonics*, 912 F.2d at 1092, 1094.

Defendants shall also set forth detailed evidence addressing the "nerve center" test.

## II.   AMOUNT IN CONTROVERSY

Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Where the complaint on its face does not allege damages in excess of $75,000, it is a defendant's burden to show that the claim meets the jurisdictional minimum. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). This burden is not met by mere conclusory allegations; the defendant must prove existence of the jurisdictional amount by a preponderance of the evidence. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). In this regard, the defendant must set forth, "in the removal petition itself, the *underlying facts* supporting its assertion that the amount in controversy exceeds [$75,000]." *Gaus*, 980 F.2d at 567.

In this case, the complaint alleges causes of action for negligence, premises liability, and loss of consortium. Defendants' Notice of Removal conclusorily states that the amount in controversy exceeds $75,000. The complaint does not, however, claim any specific sum. Defendants shall set forth evidence, if there is any, establishing that the amount in controversy exceeds $75,000.

|  | : |  |
|---|---|---|
| Initials of Preparer | | SMO |